UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALINDA L. GARDNER,

      Plaintiff,                    CIVIL ACTION NO. 14-CV-14134

vs.

                                      DISTRICT JUDGE NANCY G. EDMUNDS

STATE OF MICHIGAN, et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This *pro se* employment discrimination action comes before the Court on Defendants State of Michigan, Cheryl Howell, Rachelle Nogueira, Kay Andrzejak, Deborah Walbecq, Leonard Garza, and Pamela Bennett's Motion to Dismiss.[1] (Docket no. 17.) Plaintiff Malinda Gardner filed a Response to Defendants' Motion (docket no. 21), Defendants filed a Reply to Plaintiff's Response (docket no. 22), and Plaintiff responded to Defendants' Reply (docket no. 23). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 19.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

I.    **RECOMMENDATION**

For the reasons that follow, it is recommended that Defendants' Motion to Dismiss (docket no. 17) be **DENIED**.

---

[1] In her Complaint, Plaintiff misspelled Defendant Nogueira's name as "Noguiera," Defendant Andrzejak's name as "Andrajyk," and Defendant Walbecq's first name as "Debra." (Docket no. 1.)

**II.     REPORT:**

Plaintiff was employed by the Michigan Department of Human Services from 1985 through February 2012, when her employment was allegedly terminated due to "unsubstantiated policy violations."  (Docket no. 5 at 7, 11.)  On two separate occasions, Plaintiff filed employment discrimination charges with the Equal Employment Opportunity Commission ("EEOC"), the first charge on July 26, 2010, and the second on November 20, 2012.  (*Id.*)  Only Plaintiff's November 20, 2012 charge is relevant to the instant motion.  On June 5, 2014, the EEOC dismissed Plaintiff's November 2012 charge and issued a Notice of Suit Rights.  (Docket no. 5 at 2.)

On October 27, 2014, after receiving the unfavorable determination from the EEOC, Plaintiff filed the instant *pro se* Complaint of Employment Discrimination pursuant to Title VII of the Civil Rights Act of 1964 with the Court.  (Docket no. 1.)  On the MIED EEOC Civil Complaint form, Plaintiff alleges that Defendants' conduct was discriminatory based upon race, color, age, disability, and religion.  (*Id.* at 2.)  Plaintiff describes Defendants' discriminatory conduct as the termination of her employment as well as "humiliation[,] unjust verbal, disciplinary action, [and] Internet notification to peers of religious discrimination planned (sic)."  (*Id.*)

Defendants now move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that the Court lacks jurisdiction to hear Plaintiff's claims because Plaintiff failed to timely file her Complaint within Title VII's ninety-day limitations period.  (Docket no. 17.)  A plaintiff's ninety-day filing requirement after the issuance of a Notice of Suit Rights, set forth in 42 U.S.C. § 2000e-5(f)(1), "is not a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, estoppel and equitable

tolling." *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646-47 (6th Cir. 1998) (emphasis omitted). Accordingly, Defendants' Motion to Dismiss was not appropriately brought under Fed. R. Civ. P. 12(b)(1).

To the extent that the Court may consider Defendants' Motion under Fed. R. Civ. P. 12(b)(6) or convert it to a motion for summary judgment under Fed. R. Civ. P. 56, the Court should decline to do so at this time. Defendants assert that Plaintiff did not timely file her Complaint within ninety days of receiving the Notice of Suit Rights from the EEOC. "The Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of a[] [Right-to-Sue] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (citations, emphasis, and footnote omitted). Defendants claim that the EEOC mailed the Notice of Suit Rights on June 5, 2014, that Plaintiff presumptively received the Notice on June 10, 2014, and that Plaintiff should have accordingly filed her Complaint by September 8, 2011. (Docket no. 17 at 13.) Plaintiff alleges that she didn't receive the Notice of Suit Rights until July 27, 2014 because the EEOC mailed it to the wrong address. (Docket no. 1 at 2.) The parties further dispute whether Plaintiff properly notified the EEOC of her address change as she agreed to do by signing the Charge of Discrimination Form and as required under 29 C.F.R. § 1601.7(b). This raises a genuine issue of material fact regarding whether Plaintiff can rebut the aforementioned presumption and whether equitable tolling of the limitations period applies. There is not enough evidence before the Court to examine this issue; hence, Defendants' motion would not survive a Rule 12(b)(6) motion to

dismiss or a motion for summary judgment. Therefore, it is recommended that the Court **DENY** Defendants' Motion to Dismiss (docket no. 17).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 15, 2015             s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Malinda Gardner on this date.

Dated:  July 15, 2015        <u>s/ Lisa C. Bartlett</u>
                                      Case Manager