UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALINDA GARDNER,

      Plaintiff,

v.

STATE OF MICHIGAN, ET AL.,

      Defendants.

_____/

Case No. 14-14134

Honorable Nancy G. Edmunds

## OPINION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S JULY 15, 2015 REPORT AND RECOMMENDATION [25]

This *pro se* employment discrimination matter comes before the Court on Defendants' objections to the Magistrate Judge's July 15, 2015 Report and Recommendation [25]. Being fully advised in the premises and having reviewed the record and the pleadings, including Defendants' objections, the Court hereby ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation. It is further ordered that Defendants' motion to dismiss [17] is DENIED.

Defendants maintain that the Magistrate Judge's recommendation to deny their motion to dismiss is legally infirm for two reasons: First, they argue that, because Plaintiff failed to file her complaint within ninety-days of receiving a final agency decision and right-to-sue letter from the EEOC, she is jurisdictionally barred from pursuing her claims under Title VII. In the alternative, Defendants contend that Plaintiff has failed to establish that she is entitled to equitable tolling, thus requiring a dismissal on the merits. The Court considers each of Defendants' arguments in turn.

As a preliminary matter, there is seemingly no dispute that Plaintiff failed to file her complaint within the ninety-day limitations period set forth under 29 C.F.R. § 1614.407. *See Stone v. Sec'y of Dep't of Homeland Sec.*, No. 12-15031, 2013 WL 3270954, at *2 (E.D. Mich. June 27, 2013) *(* "[t]o invoke one's rights under Title VII, 42 U.S.C. § 2000–e2et seq., . . . a plaintiff must file a civil complaint within ninety days of receiving a final agency decision . . . ." ). Defendants' first argument asserts that this failure prevents the Court from exercising jurisdiction over Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1). This argument has been expressly considered--and rejected--by the Sixth Circuit in *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). In *Truitt*, the court held that "the ninety-day time limitation in Title VII cases is not jurisdictional; therefore, equitable tolling is available." *Id*; *see also Stone*, 2013 WL 3270954, at *2 ("[a]lthough the procedural guidelines for filing a discrimination suit are strict, failing to comply with the ninety-day time period for filing a complaint does not strip the court of jurisdiction to hear the claim."). Indeed, under Defendants' reasoning, the Court would never be permitted to entertain an argument concerning the applicability of equitable tolling in the context of a Title VII complaint. The absurdity of this proposition is especially apparent where, as here, Plaintiff sets forth specific allegations suggesting that the EEOC, despite her urging, failed to properly update her address of record. As such, the Court finds that the "ninety-day filing requirement of 42 U.S.C. § 2000e–5(f)(1) is not a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, estoppel and equitable tolling." *Id* at 646-47.

Nor is the Court persuaded by Defendants' alterative argument; namely, that Plaintiff has failed "to establish that she is entitled to any kind of equitable tolling." (Def.'s Obj. 5). First and foremost, Defendants' motion was filed under Fed. R. Civ. P. 12(b)(1), which is limited to challenges to the Court's subject-mater jurisdiction. Moreover, even if the Court was inclined to consider Defendants' argument under Rule 12(b)(6), Plaintiff has sufficiently alleged--albeit not yet substantiated--a right to equitable tolling. Indeed, according to Plaintiff, the "EEOC was notified in writing [that she moved], yet continued to send documents to the wrong address. Case manager Johnnie King acknowledged mistake re address, offered numerous reasons." (Plf.'s Resp. 2). While Defendants correctly point out that Plaintiff bears the burden of proving that she is entitled to equitable tolling, one of the many factors the Court must consider is the moving party's diligence in pursuing their rights. *Truitt*, 148 F.3d at 648. At this juncture, there is simply not enough evidence before the Court to determine whether the limitations period should be tolled. As such, the Court must, and does, DENY Defendants' objection in this regard.

For the reasons thus stated, the Court DENIES Defendants' objections and ADOPTS the Magistrate Judge's Report and Recommendation.


SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 21, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 21, 2015, by electronic and/or ordinary mail.

3

s/Carol J. Bethel
Case Manager