**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MALINDA L. GARDNER,**

           **Plaintiff,**                    **CIVIL ACTION NO. 14-cv-14134**

          **v.**                          **DISTRICT JUDGE NANCY G. EDMUNDS**

**STATE OF MICHIGAN, et al.,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**

           **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

    This matter comes before the Court on an oral Motion to Dismiss made by Defendants at a Show Cause Hearing held by the undersigned on September 24, 2015 at 10:00 a.m., at which Plaintiff failed to appear.  This matter has been referred to the undersigned for all pretrial purposes.  (Docket no. 19.)  The Court took Defendants' Motion under advisement at the hearing and now issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.**      **RECOMMENDATION**

    This Court recommends that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be dismissed in its entirety with prejudice.

**II.**     **REPORT**

    On October 27, 2014, Plaintiff filed the instant *pro se* Complaint of Employment Discrimination pursuant to Title VII of the Civil Rights Act of 1964 with the Court, alleging that Defendants discriminated against her on the basis of race, color, age, disability, and religion. (Docket no. 1.)  Plaintiff's claims survived Defendants' initial Motion to Dismiss for lack of subject matter jurisdiction on August 21, 2015.  (Docket no. 27.)

That same day, the Court issued to the parties a notice to appear before the Court for a scheduling conference on September 9, 2015 at 10:00 a.m. (Docket no. 28.) The Court mailed the Notice to Appear to Plaintiff at her address of record. Plaintiff failed to appear for the conference. The Court's case manager then telephoned Plaintiff on September 9, 2015 and left her a voice message regarding her failure to appear. On September 14, 2015, the Court's case manager spoke with Plaintiff via telephone. During the conversation, Plaintiff informed that she had not received the Notice to Appear. The Court's case manager then confirmed with Plaintiff that her address of record was correct. Also, the Court's case manager told Plaintiff that she may be ordered to appear for a show cause hearing; Plaintiff responded that she would be "just fine" with that.

On September 14, 2015, the Court ordered Plaintiff to appear before the Court on September 24, 2015 at 10:00 a.m. to show cause as to why she should not be held in contempt of court for failing to appear at the scheduling conference. (Docket no. 33.) The Order warned Plaintiff that "Failure to Appear on September 24, 2015 may result in Plaintiff being held in contempt of this Court and/or being sanctioned." (*Id.*) Plaintiff did not appear for the show cause hearing, and neither the Court nor Defendants have had any contact from Plaintiff since the aforementioned telephone conversation on September 14, 2015.

At the show cause hearing, Defendants made an oral motion to dismiss this matter, which the Court took under advisement. Rule 41(b) of the Federal Rules of Civil Procedure gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order...." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) operates as an adjudication on the merits. (*Id.*) The court should consider the following factors before dismissing an action under Rule 41(b): "(1) whether the party's failure to cooperate is due to

2

willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

After considering the factors identified in *Stough,* this action should be dismissed because of Plaintiff's failure to prosecute her case and to comply with the rules and orders of this Court. Plaintiff did not appear for the scheduling conference or the subsequent show cause hearing, and she has not responded to Defendants' pending Motion for a More Definite Statement. There is no indication that any of the notices, orders, or motions sent to Plaintiff's address of record have been returned as undeliverable; indeed, the Court recently confirmed with Plaintiff that her address of record is correct. The Court provided opportunities for Plaintiff to participate in this litigation that Plaintiff herself initiated, and Plaintiff's failure to do so appears to be willful and in bad faith. Defendants have continued to defend against this action and have been prejudiced by Plaintiff's failure to appear before this Court. Furthermore, this Court warned Plaintiff that her failure to comply with the Court's Order to Show Cause could result in Plaintiff being held in contempt or other sanctions. Yet, despite the Court's warning, Plaintiff failed to appear at the show cause hearing and has had no further contact with the Court. Given Plaintiff's failure to comply with this Court's Order to appear before this Court and participate in the prosecution of this action on two separate occasions, there is no less drastic sanction than dismissal for the Court to order.

Accordingly, it is recommended that Defendants' oral Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed with prejudice for failure to prosecute and for failure to comply with the Court's orders under Rule 41(b).

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.   The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: October 8, 2015               s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Malinda L. Gardner and counsel of record on this date.

Dated: October 1, 2015        s/ Lisa C. Bartlett
                              Case Manager