UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALINDA GARDNER,

    Plaintiff,

v.

STATE OF MICHIGAN, ET AL.,

    Defendants.
_____/

Case No. 14-14134

Honorable Nancy G. Edmunds

## OPINION AND ORDER DECLINING TO ADOPT THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [34]

Plaintiff Malinda Gardner filed this *pro se* employment discrimination lawsuit against the State of Michigan and several of its employees alleging that she was unlawfully terminated on the basis of race, religion, and age in violation of Title VII of the Civil Rights Act of 1964. Currently before the Court is the Magistrate Judge's Report and Recommendation to dismiss Plaintiff's complaint with prejudice under Federal Rule of Civil Procedure 41(b). [34] Plaintiff has lodged several objections to the Magistrate Judge's Recommendation, which the Court considers here. [35, 37]. For the reasons that follow, the Court declines to adopt the Report and Recommendation and returns this matter to the Magistrate Judge so that it may proceed on the merits. [34].

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Moreover, an

objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.'" *Aldrich v. Bock,* 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981).

Plaintiff objects to the severity of the sanction recommended by the Magistrate Judge on the basis that her conduct did not rise to the level of egregiousness required for dismissal under Federal Rule of Civil Procedure 41(b). It is well-settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute under Rule 41(b). *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980). Nonetheless, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Tung–Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). The Sixth Circuit considers four factors when determining whether dismissal for failure to prosecute is appropriate: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).

The first factor—which forms the primary basis of Plaintiff's objection—requires "a clear record of delay or contumacious conduct." *Id.* at 704 (citations omitted).  In *Wu*, the Sixth Circuit explained that, to support a finding of bad faith, the plaintiff's conduct must "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings.'"  420 F.3d at 643.  Here, Plaintiff admittedly failed to appear for a scheduling conference and a subsequent show cause hearing.  In this way, there is little doubt that her conduct created a "record of delay."  But the inquiry does not end there; Plaintiff's actions must have been "wilful" or in "bad faith."  With respect to the scheduling conference, Plaintiff maintains that she never received the notice to appear.  (Plf.'s Obj. at 1, Dkt. 35).  After "the Court's case manager [] confirmed with Plaintiff that her address of record was correct", (Report and Recommendation at 2), she was ordered to show cause, in person, why she should not be held in contempt of Court.  (Dkt. 33). That order explicitly warned Plaintiff that, "[f]ailure to [a]ppear on September 24, 2015 may result in . . . being held in contempt of this Court and/or being sanctioned."  (*Id.*).  Despite the Court's warning, Plaintiff did not appear for the show cause hearing.

Over a month later—in response to the Magistrate Judge's recommendation to dismiss this lawsuit—Plaintiff, for the first time, attempted to explain her second unannounced absence.  In essence, she maintains that her work schedule—which is "pre-posted six weeks in advance"—prohibited her from attending the hearing. (Plf.'s Resp. at 1, Dkt. 39). But this does not explain her failure to seek an adjournment or, at a minimum, advise the Court of her scheduling conflict.  Indeed, in *Rogers v. City of Warren*, 302 Fed. Appx. 371 (6th Cir. 2013), the Sixth Circuit affirmed a district court's decision to dismiss the plaintiff's complaint for failure to prosecute where he "twice failed to appear, and, despite

3

two orders to show cause, failed to explain his non-appearance." *Id.* at 377. The crux of the court's holding was clear; by failing to keep "his counsel informed of his whereabouts", the plaintiff "demonstrate[d] a reckless disregard for the effect that his conduct would have on the underlying case." *Id.* at 377. Similarly here, Plaintiff failed to inform the Magistrate Judge of her scheduling conflict despite knowing it would preclude her from attending the hearing. In fact, Plaintiff waited until the eleventh hour to offer any kind of explanation for her absence- and only after she was faced with the prospect of dismissal. This Court is thus satisfied that Plaintiff has demonstrated reckless disregard for the effect of her conduct on these proceedings. For that reason, the Court finds that this factor weighs in favor of dismissal.

Next, the Court must examine whether Defendants were prejudiced by Plaintiff's conduct. A defendant is prejudiced by a plaintiff's dilatory conduct "if the defendant is required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008). Defendants maintain that they have commuted "from Lansing on multiple occasions to attend scheduled hearings, and ha[ve] waited an hour each time for [Plaintiff] to appear." (Defs. Resp. to Obj. at 5). Accordingly, this factor likewise favors dismissal.

The remaining two factors—whether (1) Plaintiff was warned that her conduct could lead to dismissal, and (2) less drastic sanctions were considered—gives the Court pause about dismissing the complaint at this juncture. As a preliminary matter, the Sixth Circuit has repeatedly "reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Wu*, 420 F.3d at 643

4

(quoting *Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988).  Here, the Magistrate Judge warned Plaintiff that noncompliance could result in "being held in contempt of this Court and/or being sanctioned." (Report and Recommendation at 2).  However, in *Carpenter v. City of Flint,* the court examined a nearly identical warning notice and concluded that "[t]his kind of boilerplate language, which does not explicitly identify dismissal as a sanction, is not the type of notice sufficient to apprise a party of the possibility of dismissal."  723 F.3d 700, 708 (6th Cir. 2013); *see also Freeland v. Amigo*, 103 F.3d 1271, 1279 (6th Cir.1997) ("[T]his court has held that routine language in a standard order, warning counsel of possible dismissal as a sanction for failure to comply with any of the provisions of the order, is not necessarily sufficient prior notice to immediately warrant the extreme sanction of dismissal.").  The importance of a direct and unequivocal warning is arguably even greater where, as here, Plaintiff is an unrepresented party- and dismissal of the complaint with prejudice is at stake.

Finally, while the "district court in extreme cases has the power to dismiss with prejudice as the first and only sanction . . . .", *Carpenter,* 723 F.3d at 709, the Court is not convinced that the Magistrate Judge fully considered the panoply of alternative sanctions to protect the integrity of the pretrial process.  Alternative sanctions may include "levying a fine, barring [Plaintiff] from participating in oral argument, or any other disciplinary action [including] dismissal without prejudice." *Id.*  While there is no doubt that Plaintiff's failure to appear for two scheduled hearings has caused undue delay and inconvenience for all involved, this behavior—albeit highly improper—does not warrant dismissal as the first and only sanction. Plaintiff is warned, however, that the continued refusal to meaningfully participate in this litigation will not be tolerated.  Accordingly, any future noncompliance with

this Court's orders—including the failure to appear when required—will be grounds for dismissal under Rule 41(b).

For the reasons thus stated, the Court hereby declines to adopt the Report and Recommendation. [34] This matter is returned to the Magistrate Judge so that it may proceed on the merits.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 17, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 17, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager