UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALINDA L. GARDNER,

       Plaintiff,                       CIVIL ACTION NO. 14-cv-14134

      v.                            DISTRICT JUDGE NANCY G. EDMUNDS

STATE OF MICHIGAN, et al.,       MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This *pro se* employment discrimination action comes before the Court on Defendants State of Michigan, Cheryl Howell, Rachelle Nogueira, Kay Andrzejak, Deborah Walbecq, Leonard Garza, and Pamela Bennett's Motion to Dismiss.[1] (Docket no. 51.) Plaintiff Malinda Gardner has not responded to Defendants' Motion, and the time for response has passed.[2] All pretrial matters have been referred to the undersigned for consideration. (Docket no. 19.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.     RECOMMENDATION

For the reasons that follow, it is recommended that Defendants' Motion to Dismiss (docket no. 51) be **GRANTED** and that this matter be dismissed in its entirety.

---

[1] In the original Complaint, Plaintiff misspelled Defendant Nogueira's name as "Noguiera," Defendant Andrzejak's name as "Andrajyk," and Defendant Walbecq's first name as "Debra." (Docket no. 1.)

[2] "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Further, "[a] response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B). Defendants filed their Motion to Dismiss on June 24, 2016; accordingly, Plaintiff's Response to Defendants' Motion was due no later than July 15, 2016, but no response has been filed. Therefore, the Court could recommend that Defendants' Motion be granted as unopposed. Nevertheless, because Plaintiff is proceeding *pro se* in this matter, the Court will address the merits of Defendants' Motion.

## II.   REPORT

### A.   Background

Plaintiff was employed by the Michigan Department of Human Services from 1985 through February 2012, when her employment was allegedly terminated due to "unsubstantiated policy violations." (Docket no. 5 at 7, 11.) On two separate occasions, Plaintiff filed employment discrimination charges with the Equal Employment Opportunity Commission ("EEOC"); the first charge was filed on July 26, 2010, and the second charge was filed on November 20, 2012. (*Id.*) The EEOC dismissed Plaintiff's employment discrimination charges on February 25, 2011, and June 5, 2014, respectively. (*Id*. at 2, 4-5.) On October 27, 2014, after receiving the unfavorable determination from the EEOC, Plaintiff filed the instant *pro se* Complaint of Employment Discrimination pursuant to Title VII of the Civil Rights Act of 1964. (Docket no. 1.) In her form Complaint, Plaintiff alleges that Defendants' conduct was discriminatory based upon race, color, age, disability, and religion. (*Id.* at 2.) Plaintiff describes Defendants' discriminatory conduct as the termination of her employment as well as "humiliation unjust verbal [sic], disciplinary action, [and] Internet notification to peers of religious discrimination planned [sic]." (*Id.*)

Plaintiff's claims survived Defendants' initial Motion to Dismiss for lack of subject matter jurisdiction on August 21, 2015. (Docket no. 27.) This matter has also survived Defendants' oral motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to appear before the Court as ordered on September 9, 2015 for a scheduling conference and on September 14, 2015 for a show cause hearing regarding Plaintiff's failure to appear at the scheduling conference. (Docket no. 42.) On May 12, 2016, the Court held a hearing regarding a Motion for More Definite Statement filed by Defendants (docket no. 29),

granted that Motion, and ordered Plaintiff to file an amended complaint within twenty-eight (28) days that clearly identifies the allegations related to each Defendant in accordance with the Federal Rules of Civil Procedure, specifically Rule 8(a), so that Defendants could properly and accurately prepare a response. On June 10, 2016, Plaintiff filed a document titled "Response to defendants [sic] request for a more Definite [sic] statement." (Docket no. 50.) Defendants now move for dismissal of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b). (Docket no. 51.)

    B.    **Governing Law**

When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Rule 41(b) gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order...." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) operates as an adjudication on the merits. (*Id.*) The court should consider the following factors before dismissing an action under Rule 41(b): "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

**C.     Analysis**

Defendants assert several procedural and substantive grounds for dismissal in their Motion. (Docket no. 51.) First, Defendants assert that this matter should be dismissed pursuant to Rule 41(b) because Plaintiff failed to comply with the Court's May 12, 2016 Order, as she did not file an amended complaint that complies with the Federal Rules of Civil Procedure in a timely manner. (*Id*. at 12-13.) In this regard, Defendants argue that Plaintiff's June 10, 2016 filing is not an amended complaint at all; rather, it is a laundry list of allegations that fail to state any cognizable claim against Defendants. (*Id.*) Defendants argue that they are prejudiced by Plaintiff's conduct in filing the aforementioned document because nearly twenty months after the filing of this lawsuit, they are still unsure of the charges against them. (*Id*. at 13.) They also

4

argue that in light of Plaintiff's history of failing to follow court orders, Plaintiff's failure to follow the Court's May 12, 2016 Order warrants no less drastic sanctions than dismissal. (*Id.*)

Indeed, the three-page document filed by Plaintiff, one day after the court-ordered deadline, does not constitute an amended complaint in either form or substance. (*See* docket no. 50.) The document is titled "Response to defendants [sic] request for a more Definite [sic] statement" and consists of bulleted lists of allegations against the individual defendants. Plaintiff prefaces these lists with the following assertion: "Defendant appeared before Magistrate 05/12/2016 requesting a 'more definite statement' Magistrate informed plaintiff a 'more definite statement must state each persons involvement in the complaint. Plaintiff now responds." (Docket no. 50 at 1 (errors in original).) But the Court did not order Plaintiff to file a more definite statement; in fact, the Court explicitly ordered Plaintiff to file an amended complaint that clearly identified the allegations related to each Defendant in compliance with the Federal Rules of Civil Procedure within twenty-eight (28) days of the May 12, 2016 hearing. The Court also ordered Plaintiff to become sufficiently familiar with the rules of pleading and motion practice to ensure that her future filings in this matter comply with the rules in terms of content and form. As further discussed below, it is apparent that Plaintiff did not follow the Court's Order in this instance.

While federal courts are required to liberally construe the pleadings of *pro se* plaintiffs and hold them to a less stringent standard than similar pleadings drafted by attorneys, *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999), *pro se* plaintiffs must still comply with the Federal Rules of Civil Procedure. *See Sueing v. Blanchard*, No. 90-CV-10224, 2008 WL 2604976, at *1 (E.D. Mich. June 27, 2008). In other words, Plaintiff's *pro se* status does not absolve her from adhering to the Federal or Local Rules.

The Court reminded Plaintiff of her responsibility to follow the rules at the May 12, 2016 hearing and ordered Plaintiff to file an amended complaint in accordance with those rules, yet the document filed by Plaintiff bears no representation to an amended complaint under the Federal Rules of Civil Procedure, specifically, Rules 8(a), 10, and 11.

The complete absence of proper form and content in Plaintiff's June 10, 2016 filing demonstrates a willful disregard of this Court's Order and the Federal and Local Rules. Defendants assert that Plaintiff's failure to follow the Court's Order has caused them prejudice because they remain uncertain of Plaintiff's claims against them nearly twenty months into the litigation. (Docket no. 51 at 13.) The Court finds Defendants' assertion of prejudice to be persuasive and finds that it weighs in favor of dismissal. Nevertheless, the Court has considered the propriety of sanctions less drastic than dismissal, including those listed under Federal Rule of Civil Procedure 37(b)(2)(A), and it does not find that any other sanction would adequately address Plaintiff's conduct or cure the deficiency of Plaintiff's claims in this matter, given Plaintiff's repeated failure to follow the Court's orders and comply with the rules. Notably, District Judge Nancy G. Edmunds, in her March 17, 2016 Order declining to adopt this Court's previous recommendation of dismissal, directly and unequivocally warned Plaintiff that any future noncompliance with the court's orders would be grounds for dismissal. (Docket no. 42 at 5-6.) Accordingly, this matter should be dismissed pursuant to Rule 41(b).

Even if the Court were to construe Plaintiff's June 10, 2016 filing as an amended complaint, this matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state a claim against any Defendant. As Defendants correctly assert, an amended complaint supersedes any prior complaint; thus, if Plaintiff's filing is construed as an amended complaint, Plaintiff's original Complaint becomes a nullity. (*Id*. at 14

6

(citing *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008).) It follows, then, that an examination of Plaintiff's "amended complaint" on the merits would be limited to the four corners of the document without any reference to, or incorporation of, any prior pleadings. *See Thompson v. Mich. Dep't of Corr.*, No. 05-40293, 2009 WL 3872148, at *3 (E.D. Mich. Nov. 18, 2009) (Randon, M.J.) (citing E.D. Mich. LR 15.1). In construing Plaintiff's filing as an amended complaint, the Court finds that it fails to comply with Federal Rules 8, 10, or 11. In particular, Plaintiff's "amended complaint" fails to set forth the grounds for jurisdiction, the legal grounds under which Plaintiff seeks relief, a demand for relief, or any allegations against Defendant State of Michigan.

But perhaps the most fatal flaw is that Plaintiff's "amended complaint" fails to comply with Rule 8(a)(2), which provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court is mindful of Plaintiff's *pro se* status and of the fact that "[a] discrimination complaint need only meet the 'short and plain statement' requirement of Fed. R. Civ. P. 8(a), and need not allege all of the facts required to support a prima facie case. . . . A complaint meets the requirements of Rule 8(a) if it gives the defendant fair notice of the basis for the plaintiff's claims." *Pringle v. American Red Cross*, 79 F. App'x 184, 185 (6th Cir. 2003) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). But while "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Defendants argue that Plaintiff's filing fails to comply with Rule 8(a)(2) because (1) it does not state any legal theory for recovery on any of Plaintiff's allegations; (2) many of the

allegations are vague or ambiguous and do not state any elements of a cognizable legal cause of action; (3) even though some of Plaintiff's allegations may contain elements of a cognizable legal cause of action, they are conclusory, and Plaintiff fails to connect any of the allegations together to state a coherent claim against Defendants; and (4) Plaintiff fails to provide any dates or a sense of chronology relative to any of the allegations, which makes it impossible for Defendants to assess appropriate defenses such as the statute of limitations, EEOC exhaustion, or causation. (Docket no. 51 at 15-21.) The Court agrees with Defendants.

Plaintiff's "amended complaint" consists of bulleted lists of bare-boned allegations of Defendants' conduct, the majority of which are not inherently discriminatory and/or fail to indicate how the alleged conduct relates to or affected Plaintiff. For example, Plaintiff lists allegations like "falsifying reports," "requesting only client calls be sent to management," "leading bullying from peers by verbal intimidation," "documenting incidents based on hearsay," "starting investigations based on 'he say, she say,'" "changing work rules to accommodate non-minorities," "sending cases via computer while others had case," "allowing racially intimidating statues to be placed in worksite," "supporting biased allegations," "not allowing plaintiff overtime pay," "sharing confidential information," "supported false information in investigation," "failure to provide documentation upon request of management," and "not evaluating mandatory performance reviews." (Docket no. 50 at 1-3.) Other allegations stated by Plaintiff, which could support a claim of discrimination against Defendants are vague and ambiguous, conclusory, and/or lack any information from which Defendants could properly formulate a defense. Examples of these allegations are: "unprofessional prejudiced comments," "religious intimidation," "making jokes of plaintiff's clothing, shoes," "verbal aggression to plaintiff only," "not allowing plaintiff breaks/lunch," "not allowing plaintiff same privileges as

non-minority," "sent others unfinished work to plaintiff only," and "disciplinary action knowing plaintiff was not at fault." (*Id.*) None of these allegations, considered separately or together, sufficiently state a claim showing that Plaintiff is entitled to relief.

The immediate discussion demonstrates that Plaintiff's "amended complaint," standing alone, is insufficient to notify Defendants of the conduct of which she complains. "Although the Plaintiff is proceeding *pro se*, the Court should not have to guess or surmise facts in order to sustain the Plaintiff's claim when the claim is challenged via a motion to dismiss." *Duckett v. State of Tennessee*, No. 3:10-0067, 2010 WL 3732192 (M.D. Tenn. Sept. 20, 2010). Plaintiff's "amended complaint" does not state a claim upon which relief can be granted and should therefore be dismissed. Fed. R. Civ. P. 8(a)(2), 12(b)(6). This matter should be dismissed with prejudice because Plaintiff was given a second chance to adequately set forth her claims against Defendants and failed to do so, and she has failed to file a response to Defendants' Motion to Dismiss or otherwise address the issues raised therein.

**D.     Conclusion**

For the above-stated reasons, the court should **GRANT** Defendants' Motion to Dismiss (docket no. 51) and dismiss this matter in its entirety.

**III.   NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which

raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 9, 2017        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: February 9, 2017        s/ Lisa C. Bartlett
                               Case Manager

10