UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALINDA L. GARDNER,

    Plaintiff,

Case No. 14-14134

Honorable Nancy G. Edmunds

v.

STATE OF MICHIGAN, *et al.,*

    Defendants.

                               /

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
FEBRUARY 9, 2017 REPORT AND RECOMMENDATION [53]**

On October 27, 2014, Plaintiff MaLinda L. Gardner commenced this *pro se* employment discrimination suit against the State of Michigan and several individuals who evidently supervised or worked with Plaintiff during her employment with the Defendant State, alleging that she was unlawfully discharged on the basis of her race, religion, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In a report and recommendation ("R & R") issued on February 9, 2017, Magistrate Judge Mona K. Majzoub now recommends that the Court grant Defendants' renewed motion to dismiss and that Plaintiff's complaint be dismissed in its entirety, on the grounds (i) that Plaintiff failed to comply with the Magistrate Judge's order directing her to file an amended complaint setting forth specific factual allegations in support of her claims of discrimination, and (ii) that even assuming Plaintiff's (untimely) submission in response to the Magistrate Judge's order could be construed as an amended complaint, this pleading does not provide the requisite fair notice of the basis for Plaintiff's claims. On February 22, 2017, Plaintiff

filed various objections to the R & R. For the reasons that follow, the Court overrules these objections and adopts the R & R in its entirety.

As a threshold matter, Plaintiff faces a substantial procedural hurdle in lodging objections to the R & R, where she failed to file a response to Defendants' underlying motion to dismiss. The Sixth Circuit has explained that a party generally may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States,* 200 F.3d 895, 902-03 n.1 (6th Cir. 2000). Having passed on her opportunity to advance arguments before the Magistrate Judge on the issues presented in Defendants' underlying motion to dismiss, Plaintiff cannot now pursue these arguments in her objections to the R & R.

Even if the Court were to entertain these objections, they would fail on the merits. Most notably, Plaintiff's objections consist almost entirely of terse, one or two sentence complaints about various aspects of the proceedings in this case. Under the pertinent Federal Rule governing these objections, however, Plaintiff must present "specific" challenges to the Magistrate Judge's "proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* R & R at 9-10 (alerting the parties that they must file "specific objections" to the R & R that identify and "recite *precisely* the provision[s] of this Report and Recommendation to which [they] pertain[]"). The bulk of Plaintiff's objections are not directed at the R & R's proposed findings and recommendations — or, indeed, at any issue actually addressed in the R & R. Rather, Plaintiff lodges generalized complaints concerning such matters as (i) a purportedly "untrue" recitation somewhere in the record (but not in the R & R) of the history of Plaintiff's employment with the Michigan Department of Human Services, (ii) the number of motions to dismiss filed by Defendants, (iii) alleged

2

misrepresentations made by defense counsel at a hearing before the Magistrate Judge, (iv) Plaintiff's delayed receipt of a scheduling order issued by the Magistrate Judge, and (v) an arbitration proceeding in which Plaintiff and her employer evidently participated prior to the commencement of this suit. The Court need not address these objections, as they have no bearing on the decision whether to adopt the R & R.

This leaves, at best, three sets of objections that arguably pertain to the Magistrate Judge's rulings in the R & R. First, in objections 8, 9, 10, and 12, Plaintiff seemingly takes issue with the Magistrate Judge's determination that her amended complaint is "insufficient to notify Defendants of the conduct of which she complains," and therefore fails to meet the pleading standards of Fed. R. Civ. P. 8(a)(2). *See* R & R at 7-9. In Plaintiff's view, her June 10, 2016 submission in response to the Magistrate Judge's order directing her to file an amended complaint includes sufficient factual content to support the inference that she was unlawfully discharged, and she argues that this submission, along with other information purportedly provided to Defendants in the course of a prior arbitration proceeding, should serve as adequate notice to Defendants of the factual basis for her claims of discrimination.

As explained by the Magistrate Judge, however, Plaintiff's June 10, 2016 submission cannot plausibly be construed as an amended complaint that meets the pleading standards of Rule 8(a), as it consists entirely of "bulleted lists of allegations against the individual defendants" that are conclusory in nature and unconnected in any way to a viable claim of discrimination on the basis of Plaintiff's race, religion, or age. *See* R & R at 5, 8-9. Moreover, to the extent that Plaintiff suggests that any shortfalls in this submission — *e.g.,* its lack of dates or a chronology of any sort — may be overcome by reference to

3

(unspecified) information purportedly shared with Defendants in a prior arbitration proceeding, the Court declines to accept Plaintiff's bare assurance that Defendants have been given adequate notice of the basis for her claims, where the standards of Rule 8(a) are sufficiently flexible and lenient to allow even a *pro se* litigant to prepare a complaint that supplies the requisite "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002) (internal quotation marks and citation omitted). The Magistrate Judge did not ask too much of Plaintiff by ordering her to file an amended complaint that met these pleading standards, and the Court concurs in the Magistrate Judge's finding that Plaintiff failed to comply with this order.

Nonetheless, Plaintiff evidently insists in objection 13 that any such lack of compliance with the Magistrate Judge's order does not warrant the drastic sanction of dismissal. To be sure, this Court found in an earlier order in this case that dismissal was not warranted at that time because less severe sanctions had not yet been employed to ensure Plaintiff's compliance with the Magistrate Judge's orders. *See* 3/17/2016 Opinion and Order at 4-5. In that very same order, however, the Court expressly cautioned Plaintiff that "any future noncompliance with this Court's orders . . . will be grounds for dismissal." *Id.* at 5-6. Having concurred in the Magistrate Judge's finding that Plaintiff failed to comply with an order to file an amended complaint, the Court agrees with the Magistrate Judge's further conclusion that dismissal is an appropriate sanction for this noncompliance, particularly where there is no reason to believe that a sanction short of dismissal might lead to a different outcome here.

Finally, Plaintiff protests in objection 14 that the Magistrate Judge imposed unreasonable standards on her as a *pro se* litigant. Contrary to Plaintiff's suggestion, however, the Magistrate Judge did not demand that Plaintiff expound upon the law in her submissions to the Court, or that her amended complaint include citations to supporting legal authority. Rather, the Magistrate Judge faulted this pleading for its lack of the requisite "short and plain statement" of Plaintiff's claims, and its absence of specific factual allegations that could provide fair notice of the basis for her claims and allow Defendants to formulate defenses against these claims. *See* R & R at 7-9. These are not onerous burdens, and Plaintiff's *pro se* status does not relieve her of the obligation to meet them.

For these reasons, the Court OVERRULES Plaintiff's objections [54] and ADOPTS the Magistrate Judge's report and recommendation [53]. In accordance with these rulings, Defendants' June 24, 2016 motion to dismiss [51] is GRANTED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: February 27, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2017, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager